UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Petitioner,

v.

BRENT MCKINNEY,

        Respondent.
_____/

Criminal Case Number 13-20182
Civil Case Number 15-11153
Honorable David M. Lawson

### ORDER GRANTING MOTION TO DISMISS APPOINTED COUNSEL, GRANTING MOTIONS TO CONSIDER *PRO SE* MOTIONS, AND GRANTING IN PART MOTIONS TO SUPPLEMENT PETITION

On March 25, 2015, the petitioner, through his appointed appellate counsel, filed a motion to vacate his sentence under 28 U.S.C. § 2255. He previously had filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582, and he later filed a motion to amend or supplement the petition for relief under section 2255. Subsequently, the petitioner filed several *pro se* motions asking that the Court (1) dismiss his appointed lawyer and allow him to proceed without the aid of counsel; (2) allow him to supplement his petition with additional claims and arguments; and (3) extend the deadline for the petitioner to supplement or amend his petition.

The Court will grant the petitioner's request to dismiss his appointed counsel and allow him to proceed *pro se* in these post-conviction proceedings. The proceedings on a motion to vacate a petitioner's sentence under 28 U.S.C. § 2255 are civil in nature, and the petitioner has no absolute right to the assistance of counsel. *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989); *United States v. Sanders*, No. 03-154, 2013 WL 5707808, at *2 n.21 (N.D. Ohio Oct. 18, 2013). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *U.S. v.*

*Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). The Court exercised its discretion to appoint counsel because it found that the issues raised in the original petition posed legal questions that are somewhat complex. However, there is no obligation under the law either for the Court to supply counsel for the petitioner in the present proceedings, or for the petitioner to accept the assistance of an attorney if one is appointed.

The Court also will grant the petitioner's request to consider his *pro se* motions and his request to supplement the petition. The Court will set deadlines for the petitioner to file a supplemental brief, and for the government to file a response.

Accordingly, it is **ORDERED** that the petitioner's motion to dismiss appointed counsel [dkt. #148] is **GRANTED**. The appointment of attorney John Minock as counsel of record for the petitioner is **TERMINATED**, and attorney Minock is discharged of any further responsibility to the Court in this matter.

It is further **ORDERED** that the petitioner's motions for consideration of his *pro se* motions [dkt. #147, 150] are **GRANTED**, and his motions to amend or supplement the petition [dkt. #146, 150] are **GRANTED IN PART**. The petitioner may file a supplemental brief setting forth any additional arguments or legal authority in support of his motion to vacate sentence **on or before October 19, 2016**. If the petitioner timely files a supplemental brief, then the government must file a response **on or before November 2, 2016**.

                                                   s/David M. Lawson  
                                                   DAVID M. LAWSON  
                                                   United States District Judge

Dated: September 21, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 21, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI