UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 Case Number 13-20182

v.                                                    Honorable David M. Lawson

BRENT McKINNEY,

        Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Brent McKinney has filed motions asking the Court to reduce his prison sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. McKinney argues that his release is justified by extraordinary and compelling circumstances, consisting of his medical conditions, including obesity, which he contends increase his risk of complications from a possible infection with the COVID-19 disease. Because McKinney has not shown that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires, his motion to reduce his sentence will be denied.

I.

Defendant Brent McKinney was convicted after a jury trial on charges of conspiracy to manufacture methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C); conspiracy to manufacture methamphetamine on a premises where a child is present, 21 U.S.C. § 860a; maintaining a drug involved premises, 21 U.S.C. § 856(a)(1); endangering human life while manufacturing methamphetamine, 21 U.S.C. § 858; and unlawful possession of materials and equipment for manufacturing methamphetamine, 21 U.S.C. § 843(a)(6)  He was sentenced to concurrent terms of 100 months in prison on counts 1, 3, 4, and 5, and a consecutive term of 20

months on count 2 (the child present enhanced offense). The defendant presently is confined by the Bureau of Prisons at USP Victorville, in Victorville, California, which is a high security facility that houses around 1,170 inmates. Public records of the BOP indicate that the defendant is scheduled to be released from prison on April 16, 2022. McKinney is 35 years old.

On July 24, 2020, McKinney filed a *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. The Court appointed counsel and set deadlines for the filing of supplemental briefing by counsel and a response by the government. In his supplemental motion, McKinney contends that he is qualified for release based on his medical condition, but the only medical risk factor he identifies is his obesity. The government has filed a response opposing the motion on the merits.

The most recent data disclosed by the BOP indicates that there are two active coronavirus cases among inmates and 12 among staff at the Victorville facility, and 128 inmates and 11 staff who previously were diagnosed with the disease but now have recovered. Reports indicate that that no inmates have died. *See* https://www.bop.gov/coronavirus/.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the

warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). McKinney relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, *first*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," *second*, if "extraordinary and compelling reasons warrant such a reduction," and *third*, if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (en banc) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it").

The government concedes that the request for release has been properly exhausted, so that threshold requirement for relief has been satisfied. However, the defendant has not advanced sufficiently compelling circumstances to warrant a sentence reduction based on his diagnosed medical conditions, even though one of his observed health factors (obesity) does comprise a recognized risk factor for coronavirus infection. McKinney's showing on the second element that he must establish to justify compassionate release — extraordinary and compelling reasons — is

insufficient, so it is unnecessary to discuss the other elements. His health concerns are understandable, but insufficient to warrant immediate release.

The defendant is justifiably concerned about the health risks posed by his incarceration. "The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications and death. Because there is no current vaccine, the Centers for Disease Control and Prevention ("CDC") recommends preventative measures to decrease transmission such as physical distancing, mask wearing, and increasing focus on personal hygiene such as additional hand washing." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). "The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration." *United States v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020).

Moreover, "the crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread. And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself. For these reasons, in the past months, numerous [federal] courts . . . have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences." *Ortiz*, 2020 WL 3640582, at *2 (collecting cases; footnotes omitted).

It is widely recognized and publicly acknowledged that persons with certain medical conditions face an increased risk of severe consequences from potential COVID-19 infection. *United States v. Lassister*, No. 17-232, 2020 WL 3639988, at *4 (D. Md. July 6, 2020) ("The risk

factors include age (over 65); lung disease; asthma; chronic kidney disease; serious heart disease; obesity; diabetes; liver disease; and a compromised immune system.") (citing Coronavirus Disease 2019 (COVID-19), People Who Are At Risk for Severe Illness, Centers for Disease Control & Prevention (June 25, 2020), https://bit.ly/2WBcB16). The defendant's age (35) does not put him in a high-risk category, but obesity is a recognized medical risk factor. *See* CDC, Risk Factors: People With Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The available medical records do not indicate the defendant's height, but he asserts that he is 5' 9" tall. Medical records from June 24, 2019 noted his weight as 233 pounds, and those figures correspond to a body mass index (BMI) of 34.4, well beyond the threshold of 30.0 recognized by the CDC as a serious risk factor. Medical Report dated June 24, 2019, ECF No. 177-8, PageID.1295. Federal courts regularly have held that obesity poses a sufficient medical risk to establish extreme and compelling circumstances weighing in favor of release, at least where the inmate is confined at a facility with an active COVID-19 outbreak. *United States v. Olawoye*, No. 15-00172, 2020 WL 4559816, at *4 (D. Or. Aug. 7, 2020) ("Even without the presence of other health conditions, obesity alone is the 'most significant risk factor, after only older age, for being hospitalized with Covid-19.' Further, the CDC has noted that, regardless of age, 'having obesity, defined as a . . . BMI of 30 or above, increases . . . risk of serve illness from COVID-19.' Defendant has a body mass index of 31.9, which is classified as obese." (quoting Roni Caryn Rabin, Obesity Linked to Severe Coronavirus Disease, Especially for Younger Patients, The New York Times (Apr. 17, 2020) https://www.nytimes.com/2020/04/16/health/coronavirus-obesityhigher-risk.html; CDC Risk Factors, *supra*). The defendant also asserts that he has had trouble obtaining medical attention for other medical conditions such as bowel and stomach

discomfort, but his medical records do not indicate diagnoses of any other conditions among those recognized by the CDC as serious medical risk factors for coronavirus infection.

Another pertinent consideration is the probability that the defendant may be exposed to the coronavirus in his present situation, which in this case appears presently to be quite low. Recent reports indicate that the probability of infection at Victorville, although once quite high, now has declined significantly, with the prison now having only two active cases among inmates, although there are 12 among staff (who, presumably, would be barred from working within the prison while they remain contagious). The government's position that the defendant is at little or no risk is less reassuring considering the BOP's admitted failure to implement any comprehensive prophylactic testing program, which calls into doubt the figures that it has reported. *See Wilson*, 961 F.3d at 849 (Cole, J., concurring) (observing that in the absence of any program of comprehensive prophylactic testing, reports of low infection rates are questionable at best); *see also United States v. Campbell*, No. 03-4020, 2020 WL 3491569, at *9 (N.D. Iowa June 26, 2020) (same). Nevertheless, the most recent information indicates that the defendant's probability of infection is as low as it would be in a home setting, and perhaps lower considering that measures taken by the BOP have turned back the spread of the virus among inmates at Victorville, despite the recent acceleration of the pandemic among the public at large, including in California, where case counts are trending at alarmingly high levels, despite a falloff from spring peaks. *See* Coronavirus Statistics: California, https://www.worldometers.info/coronavirus/usa/california/.

"[O]n similar facts this Court has declined to order the release of otherwise healthy and relatively young inmates with obesity as their only cognizable risk factor, absent other indications of serious medical risk," particularly where they were confined at institutions with few or no active coronavirus cases. *United States v. Price*, No. 15-20472, 2020 WL 5440164, at *5 (E.D. Mich.

- 7 -

Sept. 10, 2020) (collecting cases). There are no distinguishing facts here that warrant a different result, particularly in light of the slight, although still tangible, risk of infection.

III.

McKinney has exhausted his administrative remedies, but he has not demonstrated that compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motions for compassionate release (ECF No. 164, 176) are **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   October 16, 2020